NINDE *v.* UNION TRUST CO.

MORTGAGES—PAYMENT—WAIVER OF PROOF.

    Where, on the trial of the issue of the payment of a mortgage, evidence was offered tending strongly to show payment, and thereupon counsel representing the mortgagee's interest stated that he was not prepared to dispute the fact that the mortgage was paid, such statement might properly be considered as a waiver of further proof.

Appeal from Wayne; Donovan, J. Submitted January 15, 1904. (Docket No. 44.) Decided February 2, 1904.

Petition by Elizabeth F. Ninde, administratrix of the estate of William X. Ninde, deceased, for an order directing the Union Trust Company, as receiver of the City Savings Bank of Detroit, to discharge a mortgage. The petition having been granted, defendant appeals. Affirmed.

*Palmer & Palmer*, for petitioner.

*Bowen, Douglas, Whiting & Murfin*, for defendant.

MONTGOMERY, J. This case is a proceeding to wind up the affairs of the City Savings Bank of the city of Detroit. The petitioner is the administratrix of William X. Ninde. The petition sets out that in 1898 William X. Ninde purchased lot 7 of block 12 of C. F. Campau's Subdivision; that this lot was subject to a mortgage of $1,200, which ran from Arthur H. Bigg and wife to Fannie M. Sloman, then of Omaha, Neb. The petition further avers that William X. Ninde in his lifetime paid this mortgage, but that, after it was paid, it was assigned by the mortgagee to the City Savings Bank of Detroit, and that it was listed among the assets of the City Savings Bank by the receiver; and the petition asks that the receiver be instructed

to withdraw the mortgage from the list of the assets of the bank, and discharge the same on the records of Wayne county.

On the hearing below, the circuit judge found that there had been paid upon this mortgage the sum of $1,037.80, and directed that the same be discharged upon the payment by the administratrix of the balance. The receiver appeals, and rests its claim upon two grounds: *First*, that there is no proof that the mortgage was paid to any one; and, *second*, that, if it be found that the payment in question was made to Homer Warren & Co., no authority is shown for them to receive the money on the securities.

These questions are questions of fact, and an extended discussion of the testimony would be of no value as a precedent. We are satisfied, however, that the circuit judge reached the correct conclusion upon both questions. It appeared from the testimony that Homer Warren & Co. were agents of Mrs. Sloman in the matter of mortgages, Mr. Frank C. Andrews testifying, ''I looked after her affairs.'' It also appeared that this mortgage was in the possession of Frank C. Andrews. It appears there were two more mortgages in which the deceased, Bishop Ninde, was concerned, and the only difficulty arose in determining whether the payment that was made to Andrews was made upon the mortgage in question or upon one of the other mortgages. We are satisfied that there was no other mortgage shown on which the money paid could have been applied, and that the circuit judge was correct in holding that the payment was made upon the mortgage in question.

We have been through the record and examined the evidence in this case as though the question were open, but it is very doubtful whether it ought not to be considered foreclosed, in view of what occurred on the trial. Mr. Whiting, representing the receiver, said, '' We are perfectly willing to give up one of these mortgages, but we do not want to throw them both away.'' Mr. Palmer then took the stand, and gave testimony, based upon the

amount of the other mortgages upon which it might be urged that the payment was intended to apply, that such payment could not have been intended to apply on these mortgages, for the reason that it exceeded the amount in either of the mortgages against Bishop Ninde's property. Mr. Whiting then remarked, "I am not prepared to dispute the fact that the mortgage was paid." It is said in the brief that this admission or statement could not bind the receiver; but, occurring on the trial, we see no reason why it might not properly be considered as a waiver of further proof of the fact that payment was made, and also of further proof as to the authority of the agents, Homer Warren & Co.

The order of the circuit judge will be affirmed, with costs.

The other Justices concurred.